Case 3:23-cr-00166-VC   Document 9   Filed 06/20/23   Page 1 of 5

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

KATHERINE L. WAWRZYNIAK (CABN 252751)
Chief, Criminal Division

CHRISTOPHER J. CARLBERG (CABN 269242)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6838
    FAX: (415) 436-7234
    christopher.carlberg2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ISAAC ESTRADA and JOSHUA DEPUCCI,<br><br>    Defendants. | CASE NO. 3:23-CR-00166-VC<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION OF DEFENDANT ESTRADA** |

3:23-CR-00166-VC

## I. INTRODUCTION

Isaac Estrada is a flight risk and a danger to the community. From what the government knows about Estrada,[1] he was born in Honduras in 1999 and has no known significant ties to the Bay Area community. What is known about Estrada's ties to the community is that he came to the United Nations Plaza area in San Francisco's Tenderloin neighborhood—a high-crime area that has been devastated by the fentanyl crisis—to sell fentanyl and methamphetamine, amongst other controlled substances. There are no conditions or combinations of conditions that will reasonably assure Estrada's appearance for trial. The government respectfully requests that the Court order the defendant detained pending trial.

## II. FACTUAL BACKGROUND

Estrada is believed to be 23 years old and was born in Honduras.

On April 25, 2023, San Francisco Police Department (SFPD) officers were in the area of Hyde Street and Fulton Street near the Asian Art Museum in the Tenderloin. Officers observed three narcotics transactions where Estrada engaged in the hand-to-hand sales, working in concert with Joshua Depucci who was holding the drugs in his backpack.

First, the officers observed Estrada as he appeared to buy a pair of pants (likely stolen because they still had a white security sensor clipped to them) and put those pants in a backpack Depucci was wearing. Officers believe Estrada bought those pants off an unknown male in exchange for a pill believed to be alprazolam. Second, officers observed Estrada motion for Depucci to come sit near him so he could retrieve suspected fentanyl from the backpack Depucci was wearing and sell it to an individual for an unknown amount of U.S. currency. Third, officers observed a similar transaction where Estrada retrieved a small amount of white substance and a green scale from the backpack Depucci was wearing and hand a measured amount of substance to an unknown female.

Officers arrested Estrada and Depucci. In Depucci's backpack, officers found various bags and pill bottles containing suspected narcotics, empty plastic bags, and a green scale. On Estrada's person,

---

[1] At the June 15, 2023, the government will request that Pretrial Services prepare a full bail study. The government does not yet know the full extent of Estrada's ties to the Bay Area community or the lack of any such ties.

UNITED STATES' DETENTION MEMORANDUM    2
3:23-CR-00166-VC

officers found $363 in U.S. currency. Police officers performed presumptive testing using a TruNarc device on the substances found in Depucci's backpack. The results included:

- 254.6 grams gross, presumptive positive fentanyl
- 260.3 grams gross, presumptive positive methamphetamine
- 10.6 grams gross, presumptive positive cocaine base
- 20.1 grams gross, suspected heroin
- 20.6 grams gross, suspected alprazolam

In summary, Estrada, working in concert with Depucci, possessed with the intent to distribute approximately 250 grams of suspected fentanyl and approximately 260 grams of methamphetamine (among small amounts of other narcotics, including suspected cocaine base and heroin).

The SFPD report of Estrada's April 23, 2023 arrest shows no listed phone number, home address, nor work address for Estrada.

### III.  LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *See id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

and seriousness of the danger to any person or to the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## IV. ARGUMENT

Pretrial detention is appropriate because the defendant is a danger to the community and a significant flight risk.

### A. The Defendant Is a Danger to the Community.

The nature and circumstances of the offense demonstrate that Estrada is a danger to the community.  Selling dangerous narcotics, like fentanyl and methamphetamine, poses a danger to the community.  *See, e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799-MAG-1, 2020 WL 7714535, at *3 (N.D. Cal. Dec. 29, 2020) (sale of eight ounces of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs").  Moreover, Estrada worked in concert with Depucci to sell these drugs in the Tenderloin.  That Estrada involved others in his criminal activity multiplies the damage that he could inflict by also working in concert with others to sell narcotics.

### B. The Defendant Poses a Significant Flight Risk.

Estrada has no known significant ties to the community and may have strong personal ties to Honduras.  The SFPD report of Estrada's April 23, 2023 arrest shows no listed phone number, home address, nor work address for Estrada.

When he was arrested, Estrada had on him $363 in cash.  Additionally, Estrada and Depucci possessed substantial quantities of fentanyl and methamphetamine that have significant street value through illegal distribution.  If released, Estrada could flee to family homes abroad, and he appears to have the means to do so.  When the alternative may be incarceration after a criminal conviction, it seems Esrtada very well could choose to flee.

Finally, the weight of the evidence and the potential sentence here increase the risk that Estrada might flee.  Strong evidence of the defendant's guilt "make it more likely that he will flee," because the defendant has less incentive to stay and litigate the case.  *United States v. Gebro*, 948 F.2d 1118,1122 (9th Cir. 1991).  Here, police officers observed Estrada engage in multiple narcotics transactions in plain view using the drugs possessed by them in Depucci's backpack.  Large quantities of fentanyl and

methamphetamine were recovered from that backpack. In sum, the preponderance of the evidence here shows that Estrada is a flight risk.

## V. CONCLUSION

There are no set of conditions that will reasonably assure the appearance of the defendant at court proceedings or ensure the safety of the community. For the foregoing reasons, the government requests that Estrada be detained pending trial.

DATED: June 15, 2023 　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　ISMAIL J. RAMSEY
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Christopher J. Carlberg*
　　　　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER J. CARLBERG
　　　　　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney